In re:  
College Book Rental Company, LLC  
    Debtor

Case No. 12-09130-MFH  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0650-3     User: mlh9971     Page 1 of 2     Date Rcvd: Oct 19, 2012  
                     Form ID: pdf001    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 21, 2012.  
adb        +College Book Rental Company, LLC,    306 Andrus Drive,    Murray, KY 42071-2180

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                       TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 21, 2012**                        **Signature:**     */s/ Joseph Speetjens*

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 19, 2012 at the address(es) listed below:

```
          BETH ROBERTS DERRICK    on behalf of U.S. Trustee  US TRUSTEE beth.r.derrick@usdoj.gov
          GLENN BENTON ROSE    on behalf of Interested Party CHARLES JONES gbr@h3gm.com,    usbcmail@h3gm.com
          JOSEPH ALLEN KELLY    on behalf of Petitioning Creditor David Griffin jkelly@fbtlaw.com,
           sfarrell@fbtlaw.com;lwiggishoff@fbtlaw.com;pharris@fbtlaw.com
          KLINT W ALEXANDER    on behalf of Petitioning Creditor   Security Bank and Trust
           kalexander@wyattfirm.com
          MICHAEL G ABELOW    on behalf of Creditor   Cengage Learning, Inc. mabelow@sherrardroe.com,
           pgodwin@sherrardroe.com
          ROBERT H WALDSCHMIDT     on behalf of Trustee ROBERT WALDSCHMIDT rhwaldschmidt@aol.com,
           rhw@trustesolutions.com
          ROBERT H. WALDSCHMIDT    rhw76tr@aol.com,
           tn25@ecfcbis.com;rhw@trustesolutions.com;rhw@trustesolutions.net
          US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
          WILLIAM L NORTON    on behalf of Alleged Debtor  College Book Rental Company, LLC bnorton@babc.com
                                                                                            TOTAL: 9
```

Dated: 10/19/12

Marian F. Harrison
US Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT

# MIDDLE DISTRICT OF TENNESSEE

---------------------------------------------------------------x
In re                                                          :
                                                                             : Chapter 11
                                                                             : Case No. 12-09130
**COLLEGE BOOK RENTAL COMPANY, LLC** : Judge Harrison
                      Debtor.                      :
---------------------------------------------------------------x

**EMERGENCY ORDER PURSUANT TO SECTIONS 105(a), 363, 507(a), 1107(a), AND 1107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6003
AUTHORIZING PAYMENT OF EMPLOYEE OBLIGATIONS**

THIS CAUSE came for hearing on October 18, 2012 upon the Emergency Motion for Order Pursuant to Sections 105(a), 363, 507(a), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003 Authorizing Payment of Employee Obligation (the "Employee Compensation Motion"). For the reasons stated on the record in open Court and herein, the Court hereby finds:

1. On October 4, 2012 (the "Petition Date") David Griffin, John Wittman, Commonwealth Economics, and CTI Communications jointly filed an involuntary petition for reorganization under Chapter 11 of the Bankruptcy Code against. From the Petition Date until October 14, 2012 (the "Gap Period"), the Debtor continued to operate its business in the ordinary course of business pursuant to Section 303(f) of the Bankruptcy Code.

2. On October 15, 2012, with the consent of the equity holders of the Debtor, the Court entered that Agreed Order of Relief for Chapter 11 (the "Order for Relief"), commencing a voluntary bankruptcy case under Chapter 11, pursuant to Section 303(h) of the Bankruptcy Code.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code §§ 105(a), 363, 502(f), 507(a)(3), 507(a)(4), 1107(a), and 1108, in addition to Bankruptcy Rule 6003.

4.      As of the Petition Date, the Debtor employed twenty-nine (29) Employees, eight (8) of which are hourly employees and twenty-one (21) are salaried employees.

5.      Wages for Employees are paid on the 5th and the 20th of each month with the payroll on the 5th covering the last 15 days of the prior month and the 20th covering the first 15 days of the current month.  The last regular pay date for the Debtor's Employees was on October 5, 2012, which was for the two-week period through September 30, 2012.  The next regular pay date for the Debtor's employees is October 20, 2012, which will be for the period of October 1, 2012 through October 15, and therefore will include Employee compensation for four days prior to the Petition Date and the remainder for the Gap Period prior to entry of the Order for Relief. The total amount of the payroll payment on October 21, 2012 is projected to be $75,771.00, with the largest payment to any one employee being about $8,900.00.

6.      By this Motion, the Debtor requests that (a) the Debtor be authorized, but not directed, to continue to pay and/or perform, as applicable, all obligations to employees of the Debtor (collectively, the "Employees") that arose i) prior to the Petition Date (the "Prepetition Employee Compensation Obligations") and/or ii) during the Gap Period prior to the entry of the Order for Relief (the "Pre-Order For Relief Employee Compensation Obligations," together with the Prepetition Employee Obligations, the "Employee Compensation Obligations"), including accrued prepetition and pre-Order for Relief wages, salaries, commissions, vacation, personal,

2

holiday and sick time-off and other cash and non-cash compensations claims; (b) the Debtor be authorized, but not directed, to continue to reimburse Employees for expenses incurred on behalf of the Debtor in the ordinary course of business, including expenses incurred prior to the Petition Date and/or during the Gap Period (collectively, the "Employee Reimbursement Obligations"); (c) the Debtor be authorized, but not directed, to pay all related employer withholdings and payroll related taxes related to any Employee Obligations (the "Employer Taxes," and with the Employee Compensation Obligations and the Employee Reimbursement Obligations, the "Employee Obligations"); (d) the Debtor's banks be authorized and directed to receive, process, honor, and pay all checks on account of any Employee Obligations; and (e) the Debtor be authorized to issue new post-Order For Relief checks on account of any Employee Obligations to replace any checks that may be dishonored or rejected.

7. The payment by the Debtor of the Employee Obligations is necessary for the retention of the Employees and the continued operations of the Debtor. Accordingly, granting the relief requested in the Motion is in the best interest of creditors and the bankruptcy estate. Further, the payment by the Debtor of the Employee Obligations, including any Employee Obligations arising prior to the Petition Date or during the Gap Period, is justified as a matter of law for those reasons set forth in the Employee Compensation Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Employee Compensation Motion is Granted.

2. The Debtor shall be and is hereby authorized, but not directed, in its sole discretion, to pay or cause to be paid the Employee Obligations, including without limitation, the Prepetition Employee Compensation Obligations, the Pre-Order for Relief Employee

Compensation Obligations, the Employee Reimbursement Obligations, and the Employer Taxes, as and when such obligations are due.

3. The Debtor's banks shall be and are hereby authorized and directed to receive, process, honor, and pay all prepetition and postpetition checks on account of the Employee Obligations that had not been honored and paid as of the date of the Order for Relief, provided that sufficient funds are on deposit on the applicable accounts to cover such payments.

4. The Debtor shall be and is hereby authorized to issue new post-Order for Relief checks on account of the Employee Obligations to replace any checks for Employee Obligations that may be dishonored or rejected.

5. The Debtor may pay any and all Employer Taxes, including but not limited to, withholding, including social security, FICA, federal and state income taxes, and other types of withholding, whether these related to the period prior to the date of the Order for Relief or subsequent thereto. Any party receiving payment from the Debtor is authorized and directed to rely on the representations of the Debtor as to which payments are authorized by the Court.

6. The Bankruptcy Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

7. Good and sufficient notice of this motion has been given under the circumstances and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent that it may apply, this Order shall be effective and enforceable immediately upon entry hereof.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THIS FIRST PAGE.**

APPROVED FOR ENTRY:


By: /s/ William L. Norton, III
    William L. Norton, III (TN # 10075)
    BRADLEY ARANT BOULT CUMMINGS LLP
    1600 Division Street, Suite 700
    Nashville, Tennessee 37203
    Telephone: 615-252-2397
    Facsimile: 615-252-6397
    Email: bnorton@babc.com

    Attorneys for College Book Rental Company, LLC

5

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:12-bk-09130    Doc 45    Filed 10/21/12    Entered 10/22/12 00:30:17    Desc
Imaged Certificate of Notice    Page 7 of 7