# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-09130 |
| **College Book Rental Company, LLC,** ) | |
| ) | **Chapter 11** |
| Debtor. ) | **Judge Harrison** |
| ) | |

## STATEMENT OF THE ISSUES ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellants The McGraw-Hill Companies, Inc., Pearson Education, Inc., Cengage Learning, Inc., Elsevier, LTD and John Wiley & Sons, Inc. (collectively "Publishers") respectfully submit their statement of the issues on appeal.

For reference, Publishers' Notice of Appeal is DE # 222, and the Order being appealed is DE # 210.

Publishers submit the following issues to be presented on appeal:

1. Section 363(f) provides that the trustee may sell property "free and clear of any interest in such property . . ." The Trustee moved to sell essentially all assets of the Debtor free and clear not only of "interests," but also "claims." Is a sale free and clear of claims authorized pursuant to § 363(f)?

2. If a non-Plan sale free and clear of claims is not authorized under § 363(f), is it nonetheless authorized under § 105?

3. The Sixth Circuit follows the Second Circuit in requiring that a "sound business purpose" dictate the sale of essentially all of a debtor's assets before such a sale can be authorized outside of the plan process. The Second Circuit has made clear that the business justification must be other than appeasement of major creditors.

The Trustee was forced to move to sell the Debtor's assets by an insider creditor which demanded that the bankruptcy estate be liquidated as soon as possible. Did the Bankruptcy Court abuse its discretion in finding a sound business purpose for a non-Plan sale?

4. Pursuant to section 363(m), the Bankruptcy Court found that the insider creditor had acted in "good faith." The Bankruptcy Court determined that the scope of the good faith inquiry did not include the insider's alleged conduct of being involved in an illegal "chop shop" operation to perpetrate a massive copyright fraud. Instead, the Bankruptcy Court limited the good faith inquiry to the issue of whether the insider and the Trustee had colluded regarding the sale process. Did the Bankruptcy Court err in its interpretation of the § 363(m) good faith requirement?

May 28, 2013

Respectfully submitted,

*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
SHERRARD & ROE, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200

Matthew J. Oppenheim, Esq.
OPPENHEIM & ZEBRAK, LLP
4400 Jenifer Street NW, Suite 250
Washington, DC 20015
(202) 621-9027

*Attorneys for The McGraw-Hill Companies, Inc., Pearson Education, Inc., Cengage Learning, Inc., Elsevier, LTD and John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on May 28, 2013 the foregoing was served electronically through the Court's ECF system upon all Filing Users accepting Notice of Electronic Filing and upon the Chapter 11 Trustee by mail and email to Robert H. Waldschmidt, 7003 Chadwick Drive, Suite 211, P.O. Box 2828, Brentwood, TN 37024-2828; rhw@rhwlawoffice.com.

                                               */s/ Michael G. Abelow*
                                               Michael G. Abelow