## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-09130 |
| **College Book Rental Company, LLC,** ) | |
| ) | **Chapter 11** |
| Debtor. ) | **Judge Harrison** |
| ) | |

Deadline for Filing Responses: 06/07/13

Hearing: 6/11/13, 9:00 a.m., Courtroom 3, U.S. Bankruptcy Court, Customs House, 701 Broadway, Nashville, TN

### OBJECTION TO APPROVAL OF THE SALE MOTION

Out of an abundance of caution, and pursuant to paragraph 15 of the Court's April 30, 2013 Order,[1] unsecured creditors The McGraw-Hill Companies, Inc., Pearson Education, Inc., Cengage Learning, Inc., Elsevier, LTD and John Wiley & Sons, Inc. (collectively "Publishers") respectfully renew and submit their objection to the sale of essentially all of Debtor's assets to Debtor's insider.

Publishers respectfully incorporate by reference their prior objection,[2] and the proof and argument from the April 30, 2013 hearing.

In addition, Publishers respectfully state as follows:

1. The Trustee's Report of No Auction[3] has borne out many of Publishers concerns.

2. The proposed buyer—CBR Funding, LLC—is an entity wholly owned and controlled by Debtor's insider Mr. Griffin.

---

[1] (*See* DE # 210 ¶ 15).
[2] (*See* DE # 182)
[3] (*See* DE # 246)

3. Under the sale, Mr. Griffin will reacquire control of Debtor while paying unsecured creditors nothing.

4. Under the Trustee's proposed sale, the Trustee would apparently give Mr. Griffin's entity a large (over $3,000,000) unsecured claim that would substantially dilute the recovery that unsecured creditors would experience.

5. Publishers object to Mr. Griffin's entity having any unsecured claim, and in particular to Mr. Griffin's entity sharing in the proceeds of any avoidance actions brought by the Trustee.[4]

6. This process was brought on only because, as the Trustee acknowledged, Mr. Griffin "demanded that the assets of the bankruptcy estate be liquidated as soon as possible . . ."[5]

7. The Court lacks a factual basis to find that Mr. Griffin and his entity have acted in good faith. Among other things, Mr. Griffin substantially participated in the illegal "chop-shop" operation that caused harmed unsecured creditors and caused Debtor to file bankruptcy, then he overrode the Trustee's judgment and required a liquidation, and now he seeks to re-obtain control over the Debtor and dilute the unsecured creditors' already meager recovery.

---

[4] (*See* DE # 210, p. 16 of 46 (purporting to allow CBR Funding to share in avoidance action recoveries)).
[5] (*See* DE # 122 ¶ 11).

June 7, 2013                                    Respectfully submitted,

/s/ Michael G. Abelow
Michael G. Abelow (No. 26710)
SHERRARD & ROE, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200

Matthew J. Oppenheim, Esq.
OPPENHEIM & ZEBRAK, LLP
4400 Jenifer Street NW, Suite 250
Washington, DC 20015
(202) 621-9027

*Attorneys for The McGraw-Hill Companies, Inc., Pearson Education, Inc., Cengage Learning, Inc., Elsevier, LTD and John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on June 7, 2013 the foregoing was served electronically through the Court's ECF system upon all Filing Users accepting Notice of Electronic Filing and upon the Chapter 11 Trustee by mail and email to Robert H. Waldschmidt, 7003 Chadwick Drive, Suite 211, P.O. Box 2828, Brentwood, TN 37024-2828; rhw@rhwlawoffice.com.

/s/ Michael G. Abelow
Michael G. Abelow