UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
) CHAPTER 11
COLLEGE BOOK RENTAL )
COMPANY, LLC, ) CASE NO. 312-09130
)
Debtor. ) JUDGE MARIAN F. HARRISON
)

_____

**ORDER**
_____

This matter is before the Court upon the expedited motion for stay pending appeal filed by The McGraw-Hill Companies, Inc., Pearson Education, Inc., Cengage Learning, Inc., Elsevier, LTD, and John Wiley & Sons, Inc. (hereinafter "Publishers"). The Publishers orally requested a stay at the hearing held on June 11, 2013, which the Court denied on the record and in the order entered later that day. Consequently, the Court considers the Publishers' expedited motion for stay as a motion to reconsider the Court's earlier denial.

Federal Bankruptcy Rule of Procedure 8005 enables the bankruptcy judge to design stays to avoid unjust results, taking into consideration all exigencies of the entire bankruptcy case. *See Gleasman v. Jones, Day, Reavis & Pogue (In re Gleasman),* 111 B.R. 595, 599

(Bankr. W.D. Tex. 1990). Where the relief sought is in the nature of injunctive relief the appropriate standard is that used for preliminary injunctions. *Id.* at 599-600. Four factors are normally considered:

1) The likelihood of movant's success on the merits;

2) whether not granting the stay will subject movant to irreparable harm;

3) whether granting the stay will irreparably harm other interested parties; and

4) the effect of the relief on public policy interests.

*Id.* at 600-02. ***See also Bradford v. J.C. Bradford & Co. (In re Bradford)***, 192 B.R. 914, 917 (E.D. Tenn. 1996); ***In re DeLorean Motor Co.***, 755 F.2d 1223, 1229 (6th Cir. 1985). The four factors are not prerequisites that must be met, but instead are interrelated considerations that the Court must balance. *Id.* The Court must also consider how the factors should be balanced in light of the overall circumstances of the case. ***In re Grand Traverse Develop. Co. Ltd. Partnership***, 151 B.R. 792, 796 (W.D. S.D. Mich. 1993) (citing ***In re DeLorean Motor Company***, 755 F.2d 1223,1229).

As to the likelihood of success, the Court finds that the Publishers are unlikely to succeed on appeal because the record supports the Court's decision. The undisputed proof showed that the assets of the debtor are significantly declining in value and there is insufficient cash flow to purchase new books for the fall rush, making liquidation inevitable without a quick sale. Moreover, because all of the assets are secured by claims, the sale is

the best way to save jobs, maximize the value, and reduce the amount of deficiency claims. All of these factors support the Trustee's business judgment that an expedited sale is necessary. In addition, there is absolutely no proof of collusion between the Trustee and buyer or of bad faith regarding this transaction.

Moreover, 11 U.S.C. § 363 authorizes a sale of assets free and clear of successor liability claims, and the Publishers' reliance on *In re Wolverine Radio Co.,* 930 F.2d 1132 (6th Cir. 1991), supporting successor liability for unsecured claims is misplaced. In bankruptcy, unsecured claims, like those of the Publishers, attach to proceeds rather than the property being sold. For all of these reasons, the Court finds that success on appeal is unlikely. (See also the Court's comments on the record).

Regarding irreparable harm, the Publishers are correct that appellate review of its claims will be limited by the consummation of the sale. *See Official Comm. of Unsecured Creditors v. Anderson Senior Living Property, LLC (In re Nashville Sr. Living, LLC),* 620 F.3d 584, 591 (6th Cir. 2010) (citation omitted). In fact, this point may be moot since the Trustee has already filed a notice of sale consummation. Regardless, the Court must balance the irreparable harm of all parties. In this case, unsecured creditors are not going to receive a distribution under any scenario. Without a prompt sale of the assets to a party ready and able to immediately inject cash for the purchase books, the business will fail, and jobs will be lost. Clearly public policy does not favor such a result.

The undisputed proof in this case is that time is of the essence, and weighing all factors, the Court finds that the expedited request for a stay pending appeal, treated here as a motion to reconsider, should be denied without further hearing.

IT IS, THEREFORE, ORDERED that the Publishers' expedited motion for stay pending appeal is **DENIED.**

**IT IS SO ORDERED.**

**This Order was signed and entered electronically as indicated at the top of the page.**

4-U.S. Bankruptcy Court, M.D. Tenn.