# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| COLLEGE BOOK RENTAL COMPANY, LLC, ) | |
| ) | Case No. 12-09130-MH3-7 |
| Debtor. ) | |
| ) | Judge Harrison |
| ) | |

## PUBLISHERS' LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR ALLOWANCE OR DISALLOWANCE OF CLAIMS

Unsecured creditors Cengage Learning, Inc., Pearson Education, Inc., John Wiley & Sons, Inc., Elsevier, Ltd., and McGraw Hill Global Education Holdings, LLC (collectively "Publishers") respectfully submit their limited objection to the Trustee's motion for allowance or disallowance of claims (DE # 538).

Publishers object to the extent the Trustee proposes to disallow or subordinate their claims for Debtor's copyright infringement. Indeed, this bankruptcy case was triggered by Publishers' discovery of Debtor's massive copyright infringement, and it would be manifestly unjust and improper for the real victims of Debtor's scheme to receive no recovery.

The Trustee does not dispute that Debtor infringed Publishers' works, but maintains that Publishers statutory damage claims must be subordinated. This presents a purely legal issue involving the interaction between the Copyright Act and the Bankruptcy Code. Reading the two statutes together, Publishers' claims should be allowed without subordination.

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."[1] The issue is whether these statutory

---

[1] 17 U.S.C. § 504(a).

1

damages may be subordinated under § 726(a)(4) of the Bankruptcy Code, which permits subordination for "any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages."

For the reasons Publishers will demonstrate in a forthcoming brief, the Copyright Act's statutory damages are not a fine, penalty, *etc.* Rather, because of the difficulty of measuring actual damages with precision, Congress provided for statutory damages under the Copyright Act. Statutory damages are not punitive or exemplary damages.

Therefore, Publishers' claims should be allowed without subordination.

Respectfully submitted,

/s/ Michael G. Abelow
Michael G. Abelow (No. 26710)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4532
mabelow@sherrardroe.com

*Attorney for Publishers*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties accepting service through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ Michael G. Abelow*
Michael G. Abelow