# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| COLLEGE BOOK RENTAL COMPANY, LLC, ) | |
| ) | Case No. 12-09130-MH3-7 |
| Debtor. ) | |
| ) | Judge Harrison |
| ) | |

## BRIEF IN SUPPORT OF PUBLISHERS' LIMITED OBJECTION TO TRUSTEE'S MOTION FOR ALLOWANCE OR DISALLOWANCE OF CLAIMS

Unsecured creditors Cengage Learning, Inc., Pearson Education, Inc., John Wiley & Sons, Inc., Elsevier, Ltd., and McGraw-Hill Global Education Holdings, LLC (collectively "Publishers") respectfully submit their brief in support of their limited objection to the Trustee's motion for allowance or disallowance of claims. The issue before the Court involves how Copyright Act statutory damages are treated under § 726(a)(4) of the Bankruptcy Code. While copyright owners (record companies, movie studios, software creators, etc.) regularly submit statutory damages claims as unsecured creditors, and are paid as such routinely, the Trustee's suggestion that statutory damages claims should be disallowed as a matter of right appears to be an issue of first impression and without support.

There appears to be no authority in support of the Trustee's position that statutory damages claims should be disallowed. To the contrary, Supreme Court precedent has recognized the compensatory purposes of statutory damages under the Copyright Act,[1] and the Sixth Circuit has determined that damages up to $30,000 per work are compensatory.[2] This authority undermines

---

[1] *See Feltner v. Columbia Pictures TV*, 523 U.S. 340, 352 (1998).
[2] *See Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 489–90 (6th Cir. 2007) ("The Copyright Act provides that a plaintiff may elect statutory damages in lieu of actual damages and profits, and may ordinarily receive no more than $30,000 in statutory damages. But if the plaintiff proves that the 'infringement was committed willfully,' the plaintiff may receive statutory damages of up to $150,000. Accordingly, the ratio of the punitive portion to the *compensatory*

the Trustee's position that statutory damages are punitive in nature and therefore should be subordinated under the Bankruptcy Code. Indeed, cases under the Copyright Act make clear that statutory damages exist because of the difficulty copyright owners regularly face in demonstrating actual damages. Accordingly, Publishers should have allowed, unsubordinated, claims of at least $30,000 per work.

## FACTS

1. Publishers develop, market, distribute, license, and sell a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages. The Publishers' textbooks are among the most popular and widely used titles in their fields.

2. Publishers are the copyright owners of, and/or the owners of the exclusive rights under copyright in, *inter alia*, those textbooks they publish, including those that they have included in their claim. The Publishers or their affiliates have obtained registrations duly issued by the U.S. Copyright Office protecting their copyrights.

3. When Publishers sell their textbooks in certain other countries for distribution in those countries, the textbooks are often sold at a discount that would not be provided if the books were sold for distribution in the United States.

4. The distributors that purchase these overseas textbooks are generally required to represent that the books are for distribution in the foreign territory in order to obtain the discount.

5. Such textbooks generally contain legends on their covers giving notice that the textbooks are being sold outside the United States and cannot be imported or resold in the United

---

portion of statutory damages under the Act is 4:1 (($150,000–$30,000):$30,000)." (emphasis added)).

States. In many cases, textbooks sold internationally may have a cover or content that is different from the version sold in the United States ("International Editions").

6. Without Publishers' knowledge or consent, Debtor purchased, through a variety of overseas entities (not all of which are even known at this point), International Edition textbooks, and altered them to appear to be U.S. Edition textbooks. They did this by stripping from them, or covering up, the markings and indicia that the textbooks were not to be sold in the United States.

7. Debtor also, without Publishers' knowledge or consent, reproduced counterfeit copies of Publishers' textbook covers and copyright pages, including Publishers' names and trademarks, and re-bound them onto the International Editions whose covers Debtor had removed.

8. In so doing, Debtor created counterfeit versions of the product that differed from the original version, and in many instances the differences were substantive.

9. Then, and also without Publishers' consent, the Debtor sold or rented the counterfeit textbooks to unsuspecting students and others as though they were legitimate textbooks authorized by Publishers.

10. Debtor engaged in this wholly illegal conduct in order to reduce the cost of the textbooks that it was selling and renting.

11. Debtor's conduct caused Publishers substantial financial and other harm and, among other things, constituted a violation of U.S. copyright and trademark law.

12. As set forth in the respective Exhibit As to Publishers' proofs of claim, Publishers are aware of hundreds of works that the Debtor imported and resold in this manner. Despite significant investigation, the Publishers have been unable to determine the number of "chop shop"

textbooks the Debtor created. While Publishers can identify each title, the Publishers do not know whether ten copies or ten thousand illegal copies were created and sold.

13. Debtor is liable to Publishers for, among other things, statutory damages under the Copyright Act.

14. Publishers have filed proofs of claim, with the amounts determined by multiplying the number of works that were infringed upon by the statutory damages under 17 U.S.C. § 504(c) for willful infringement of $150,000/work.

15. Pursuant to section 726(a)(4) of the Bankruptcy Code, the Trustee seeks to disallow, in total, or subordinate, in total, Publishers' claims, contending they are punitive in nature.

## ARGUMENT

16. Under section 504(a) of the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."[3]

17. In enacting this section, Congress was fully aware that actual damages for copyright infringement are often impossible and prohibitively expensive to calculate. Congress explained that the need for statutory damages "arises from the acknowledged inadequacy of actual damages and profits" and, in particular, because "[t]he value of a copyright is, by its nature, difficult to

---

[3] 17 U.S.C. § 504(a).

establish, and the loss caused by an infringement is equally hard to determine."[4] "As a result, actual damages are often conjectural, and may be impossible or prohibitively expensive to prove."[5]

18. Given this unique factual context, the Supreme Court has recognized that statutory damages under the Copyright Act are intended to compensate a copyright owner for injury where "the rules of law render difficult or impossible proof of damages or discovery of profits."[6]

19. The Sixth Circuit, citing Supreme Court precedent, has stated that statutory damages have historically been awarded, in part, "because sufficient proof of actual damages was lacking."[7]

20. In the 2007 *Bridgeport* case, the Sixth Circuit, albeit in *dicta*, stated that $30,000 of the $150,000 per work statutory damage is compensatory, not punitive.[8]

21. Similarly, just a few months prior to *Bridgeport*, in the *Zomba Enterprises* case the Sixth Circuit concluded that statutory damages under the Copyright Act are not punitive damages. Specifically, the Sixth Circuit held that the Supreme Court's "guideposts" for reviewing awards of punitive damages under the Due Process Clause in *BMW of North America v. Gore* are not applicable to awards of statutory damages under the Copyright Act.[9]

---

[4] Staff of H. Comm. on the Judiciary, 87th Cong., Report of the Register of Copyrights on the General Revision of U.S. Copyright Law 102-03 (Comm. Print 1961).
[5] *Id.*
[6] *Douglas v. Cunningham*, 294 U.S. 207, 209 (1935); *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231 (1952).
[7] *Digital Filing Sys., L.L.C. v. Aditya Int'l*, 323 Fed. App'x 407, 413 (6th Cir. 2009) (citing *F. W. Woolworth Co.*, 344 U.S. at 233).
[8] *See* supra n. 2.
[9] *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586-88 (6th Cir. 2007).

22. Numerous other courts have recognized that the Copyright Act's statutory damages are not punitive damages or penalties, but instead may serve as a proxy for actual damages and profits.[10]

23. Subordination under § 726(a)(4) applies only to claims "for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, . . . to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss . . . ."

24. Here, the statutory damages are awarded to the victim (the Publishers), as opposed to a governmental agency, and Congress provided for statutory damages given the difficulty, if not impossibility, of proving actual damages.

25. As the Sixth Circuit said in *Bridgeport*, statutory damages under the Copyright Act like those at issue here are compensatory, not punitive, to the extent of $30,000 per work. Applying *Bridgeport* to the bankruptcy context, the Publishers' statutory damages of up to $30,000

---

[10] *See, e.g., Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 915 (D. Conn. 1980) ("[I]t must be remembered that the Act contemplates an award of statutory damages in lieu of actual damages and profits, and not an award premised on notions of penalty or punishment.") (emphasis added); *Russell & Stoll Co. v. Oceanic Elec. Supply Co.*, 80 F.2d 864, 865 (2d Cir. 1936) ("The plaintiff seems to suppose that, regardless of any loss, it may . . . treat[] the allowances as penalties; but the section expressly declares that they are not to be regarded as such. They are 'in lieu of actual damages and profits.'") (emphasis added)); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015 (7th Cir. 1991) (noting that statutory damages in some cases are intended to approximate the actual damages suffered). *Cf: Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907-08 (8th Cir. 2012) (rejecting as "nonsensical" the notion that the Supreme Court's guideposts for review of punitive damages apply to statutory damages under the Copyright Act); *Sony BMG Music Entm't v. Tenanbaum*, 719 F.3d 67, 70-71 (1st Cir. 2013) (explaining that the second *Gore* guidepost cannot "logically apply" to an award of statutory damages under the Copyright Act" because it requires "a comparison between the award and the harm to the plaintiff, but a plaintiff seeking statutory damages under the Copyright Act need not prove actual damages"); *Lowry's Reports, Inc v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 460 (D. Md. 2004) (holding that the *Gore* guideposts, which may apply to punitive damages awards under federal statutes, do not apply to statutory damages under the Copyright Act, because the "unregulated and arbitrary use of judicial power" inherent in punitive damages awards, and which the guideposts are designed to constrain, "is not implicated in Congress' carefully crafted and reasonably constrained statute").

per work are not a "fine, penalty, or forfeiture" or "multiple, exemplary, or punitive damages" under § 726(a)(4) of the Bankruptcy Code.

26. Accordingly, Publishers' claims for statutory damages under the Copyright Act, to the extent of $30,000 per work, are compensatory in nature, in recognition of the difficulty, if not impossibility, of proving actual damages, and should not be disallowed or subordinated.

27. Although § 726(a)(4) subordinates claims for any "fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, . . . *to the extent that* such fine, penalty, forfeiture, or damages are not compensation for *actual pecuniary loss*," the Court need not determine whether actual pecuniary loss has occurred here. This is because, to the extent of $30,000 per work and pursuant to *Bridgeport*, the Publishers' claims simply are not a "fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages." Rather, they are compensatory damages.

28. The Trustee's proposed treatment of disallowing or subordinating Publishers' claims in full would subvert Congress's goal in enacting the Copyright Act's statutory damages provision. The only way to reconcile the Bankruptcy Code and the Copyright Act, and therefore be consistent with the entire Congressional intent for both statutes, is to apply the Sixth Circuit's decision in *Bridgeport*.

Respectfully submitted,

*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4532
mabelow@sherrardroe.com

*Attorney for Publishers*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties accepting service through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ Michael G. Abelow*
Michael G. Abelow