Marian F. Harrison
US Bankruptcy Judge

Dated: 10/12/2016

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 312-09130 |
| COLLEGE BOOK RENTAL | ) |
| COMPANY, LLC, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtor. | ) CHAPTER 7 |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter came to be heard upon the Chapter 7 Trustee's (hereinafter "Trustee") motion to disallow the claims of Cengage Learning, Inc., Pearson Education, Inc., John Wiley & Sons, Inc., Elsevier, Ltd., and McGraw-Hill Global Education Holdings, LLC (hereinafter collectively "Publishers").

The Trustee asserts that the Publishers' claims should be disallowed because the debtor is not the entity that infringed on the Publishers' copyrights. If the Publishers' claims are allowable, the Trustee argues that the Publishers' claims are subordinate to other unsecured claims pursuant to 11 U.S.C. § 726(a) because "statutory damages" equate to a penalty or fine. In the alternative, the Trustee requests that the Publishers' claims be reduced to the amount of actual damages caused by the debtor.

For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the claims should be allowed in a reduced amount.

## I. FACTS

The relevant facts are fairly basic. Charles A. Jones (hereinafter "Mr. Jones") and David Griffin (hereinafter "Mr. Griffin") owned several interrelated companies (with interrelated employees and supervisors), including the debtor, that were involved in the business of selling and renting college textbooks. Mr. Griffin and four other creditors filed an involuntary petition against the debtor on October 4, 2012. An amended involuntary petition was filed on October 11, 2012, with two additional petitioning creditors, and an agreed order of relief was entered on October 15, 2012. The case was converted to Chapter 7 on August 29, 2013. Prior to bankruptcy, in early 2011, Mr. Jones masterminded a scheme within the network of companies to purchase the Publishers' textbooks internationally at a lower cost and then rebind them to appear as U.S. editions. The purpose of the scheme was to lower the cost of the debtor's rental inventory. The books were discovered in the debtor's inventory in late July 2012 and were taken out of inventory sometime later that year. The Publishers identified 482 rebound titles, and it appears that approximately 20 rebound books were rented out by the debtor. At the hearing, no witnesses testified. Instead, the parties relied on exhibits, depositions, and declarations to support their positions.

## II. DISCUSSION

### A. Vicarious Liability for Copyright Infringement

The fact that the debtor did not directly infringe upon the Publishers' copyrights does not mean that their claims should be disallowed. Although there is no express provision in the Copyright Act that renders anyone liable for infringement committed by another party, the doctrine of secondary liability has emerged from common law principles and is now well established in the law. ***Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.***, 545 U.S. 913, 930-31 (2005) (citations omitted). Secondary liability may be contributory infringement, where a party intentionally induces or encourages direct infringement, or vicarious infringement, where the party profits from direct infringement while declining to exercise a right to stop or limit it. ***Id.*** at 930 (citations omitted). Under vicarious infringement, if the debtor had the ability to stop the copyright infringement, it is irrelevant whether the debtor in fact supervised the infringements or was ignorant of the infringements. ***See Broadcast Music, Inc. v. Meadowlake, Ltd.***, 754 F.3d 353, 355 (6th Cir. 2014) (citation omitted).

With the exception of the 20 international textbooks which the Trustee admits were in the debtor's inventory and rented out by the debtor, the deposition testimony and sworn statements presented into evidence do not clearly show direct infringement by the debtor. However, there is no dispute that direct infringements of the Publishers' copyrights were committed by companies under the control of Mr. Jones and perpetrated by Mr. Jones and employees who worked within his intricately intertwined network of companies. As part of

3 - U.S. Bankruptcy Court, M.D. Tenn.

the network of companies under the control of Mr. Jones, the debtor had the ability to stop the copyright infringement, regardless of whether the debtor's employees actually supervised or knew about the infringements. Nor is there a dispute that 482 titles were involved in this scheme. Nor is there any dispute that the debtor, as one of these interrelated companies, was the intended beneficiary of this scheme. Accordingly, the Publishers have claims for vicarious infringement against the debtor.

### B. 11 U.S.C. § 726(a)(4) - Subordination of Publishers' Claims

Pursuant to 11 U.S.C. § 726(a)(4), allowed unsecured claims are to receive distribution before "payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim."

The Trustee argues that if the Publishers' claims are allowable, they should be subordinated to other allowed unsecured claims because "statutory damages" under the Copyright Act constitute a penalty as described in 11 U.S.C. § 726(a)(4).

The Court must look to the Copyright Act to determine whether "statutory damages" constitute a penalty. Pursuant to 17 U.S.C. § 504(a), the owner of a copyright may elect to

recover either actual damages or statutory damages from an infringer. ***Disney Enters., Inc. v. Farmer,*** 427 F. Supp. 2d 807, 815–16 (E.D. Tenn. 2006) (citations omitted). "[A] plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." ***Id.*** at 816 (citations and internal quotations omitted). Based on the Copyright Act and the case law interpreting 11 U.S.C. § 504(a), "statutory damages" are intended to be compensatory, and whether to seek actual or statutory damages is left to the discretion of the copyright owner. ***See Bridgeport Music, Inc. v. Justin Combs Publ'g***, 507 F.3d 470, 478 (6th Cir. 2007) (amount of damages awarded to each plaintiff determined on whether statutory damages or actual damages elected).

Accordingly, the Court finds that there is no support for the Trustee's argument that subordination applies to the Publishers' claims because statutory damages are not a penalty.

### C. Amount of Publishers' Claims Pursuant to 17 U.S.C. § 504(c)

In the alternative, the Trustee argues that the Publishers' claims should be limited to actual damages. As discussed above, the Copyright Act provides that a copyright owner may elect to hold the infringer liable for actual damages or statutory damages pursuant to 17 U.S.C. § 504(a). ***Disney Enters. v. Farmer,*** 427 F. Supp. 2d 807, 815–16 (citations omitted). Here, the Publishers have elected statutory damages. Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner who has elected statutory damages and has prevailed in a copyright action

Case 3:12-bk-09130    Doc 574    Filed 10/12/16    Entered 10/12/16 12:57:07    Desc Main
Document      Page 5 of 7

is entitled to an award of damages that falls within the minimum and maximum limits set by 17 U.S.C. § 504(c)(1).[1] *Wildlife Internationale, Inc. v. Clements,* 782 F.2d 1044, at *2 (6th Cir. 1985) (citations omitted) (unpublished). This range is no less than $750 and no more than $30,000 for each infringed title. 17 U.S.C. § 504(c)(1). It is within the court's discretion to determine the amount of statutory damages to be awarded within this range. *Id. See also Digital Filing Sys., L.L.C. v. Aditya Int'l,* 323 F. App'x 407, 412 (6th Cir. 2009).

When determining the proper amount of statutory damages, "'courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities.'" *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *3 (S.D. Ohio Oct. 9, 2012) (citations omitted).

The Publishers have not presented any proof as to why they are entitled to the maximum available damages, and the Court finds that such is not appropriate. It is unclear what role the debtor played in this scheme. The only proof of profit by this debtor is the rental of 20 international textbooks. The Publishers have not presented proof of extensive damages, and it is unclear how allowing the maximum award in this bankruptcy case will

---

[1] The Publishers are not seeking statutory damages for willful infringement under 17 U.S.C. § 504(c)(2).

deter others since it is the estate that will be paying the claim rather than the debtor. For these reasons, the Court finds that the Publishers are entitled to a total claim of $361,500 (482 infringed titles x $750). It will be up to the Publishers to determine the amount owed to each Publisher, based on which Publishers owned which copyrights that were infringed upon, and to divide the $361,500 appropriately.

### III. CONCLUSION

Accordingly, the Court finds that the Trustee's motion to disallow the Publishers' claims should be denied and the Publishers' aggregate claim should be allowed in the amount of $361,500.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.